UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LEROY GARNER | : | Case No.: |
| Plaintiff, | : | Judge: _____ |
| vs. | : | |
| FUYAO GLASS AMERICA INC. | : | **COMPLAINT WITH** |
| | : | **JURY DEMAND** |
| Defendants | : | |

Plaintiff Leroy Garner ("Garner"), through counsel, for his Complaint against Defendant Fuyao Glass America Inc., states as follows:

## PARTIES

1. At all times relevant to this Complaint, Plaintiff Garner was a resident of the State of Ohio and was employed by Defendants as a maintenance technician.

2. Upon information and belief, Defendant Fuyao Glass America Inc. ("Fuyao") is a corporation registered in the State of Ohio.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., as amended by the Civil Rights Act of 1991 ("Title VII"). Furthermore, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

4. Venue in this district is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district.

## ADMINISTRATIVE PROCEDURES

5. Plaintiff Garner has satisfied all statutory requirements to filing suit by filing a timely charge with the Equal Employment Opportunity Commission ("EEOC") for discrimination and retaliation.

6. The EEOC issued a Notice of Right to Sue letter to Plaintiff.

7. Plaintiff filed this Complaint within 90 days of the receipt of the Notice of Right to Sue letter from the EEOC.

**FACTS**

8. Plaintiff Garner worked for Defendant Fuyao as a maintenance technician from approximately May 2015 until his wrongful termination on or about June 28, 2019.

9. Defendant Fuyao is the U.S. subsidiary of China-based Fuyao Group; as such, Defendant Fuyao is primarily operated by Chinese managers and executives, although the majority of the actual workforce has transitioned to U.S. employees since its full-scale opening on October 7, 2016.

10. Prior to being hired, Plaintiff Garner informed Defendant Fuyao that he could not work on Sundays because of his religious observations.

11. Upon information and belief, Defendant Fuyao modified an internal policy requiring maintenance technicians in Plaintiff's department to work on Sundays sometime during Plaintiff Garner's employment.

12. When Plaintiff Garner continued to refuse to work on Sundays due to his religious beliefs, a Fuyao manager told Plaintiff Garner was "not a team player" and said "God is not important; Fuyao is important."

13. From that point onward, Plaintiff Garner was subjected to more strict work requirements than other similarly situated employees that were Asian/Chinese or that agreed to work on Sundays.

14. Plaintiff Garner reported certain safety issues to his supervisor, but his concerns were ignored. As a result, Plaintiff Garner reported the same issues to Occupational Safety and Health Administration.

15. Subsequently, Plaintiff Garner was suddenly being written up or warned for behavior that never warranted disciplinary action before, including receiving two "Corrective Action Notices" for

"aggressively pounding on a table" during a meeting and for "taking materials his supervisor had gathered" to complete a work task on April 26, 2019 and April 27, 2019, respectively.

16. Also in April 2019, Plaintiff Garner's supervisor began to require him to complete higher productivity goals, by completing 10 hooks for the bending furnace per day while performing all his usual work duties, although Defendant Fuyao admitted that crafting 10 hooks would require at least half a day of work.

17. Upon information and belief, similarly situated employees who were Asian/Chinese or that agreed to work on Sundays were not required to meet the same production standards or were not penalized for failing to meet the same standards.

18. On or around June 28, 2019—approximately two months after Defendant Fuyao began to discipline Plaintiff Garner for nominal issues and increased his productivity requirements—Defendant Fuyao terminated Plaintiff Garner for allegedly "poor performance" and "not being a team player."

COUNT I
(Intentional Racial Discrimination in Violation of Title VII)

19. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

20. Defendant's discrimination against Plaintiff is in violation of the rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended by the Civil Rights Act of 1991.

21. By the conduct described above, Defendant intentionally violated the rights of Plaintiff under Title VII.

22. As a result of the violation of the Title VII rights of Plaintiff, Plaintiff is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, to remedy and compensate for the effects of Defendant's unlawful actions.

23. As a result of Defendant's intentional violation of the Title VII rights of Plaintiff, Plaintiff has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

24. In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling him to an award of punitive damages.

COUNT II
(Intentional National Origin Discrimination in Violation of Title VII)

25. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

26. Defendant's discrimination against Plaintiff is in violation of the rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as amended by the Civil Rights Act of 1991.

27. By the conduct described above, Defendant intentionally violated the rights of Plaintiff under Title VII.

28. As a result of the violation of the Title VII rights of Plaintiff, Plaintiff is entitled to equitable and injunctive relief, including "rightful place" and "make whole" remedies and equitable monetary relief, to remedy and compensate for the effects of Defendant's unlawful actions.

29. As a result of Defendant's intentional violation of the Title VII rights of Plaintiff, Plaintiff has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

30. In its discriminatory actions as alleged above, Defendant has acted with malice or reckless indifference to the rights of Plaintiff, thereby entitling him to an award of punitive damages.

COUNT III

(Retaliation)

31. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

32. Defendant unlawfully retaliated against Plaintiff by terminating him after he refused to work on Sundays because of his religious beliefs and after he reported certain safety issues to Occupational Safety and Health Administration.

33. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights.

34. Plaintiff Garner has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

## COUNT IV
(O.R.C. § 4112.02 – Discrimination)

35. Plaintiff re-alleges and incorporates, as if fully rewritten, every allegation contained in the preceding paragraphs.

36. In violation of O.R.C. § 4112.02, Defendant unlawfully discriminated against Plaintiff by terminating him because of his religion, race and national origin.

37. In taking the above described discriminatory action, Defendants acted with malice and reckless indifference to Plaintiff's rights under O.R.C. § 4112.02.

38. Plaintiff Garner has lost wages, opportunities for promotions and other benefits and compensation, and has suffered and continues to suffer severe mental anguish, emotional distress, humiliation and other compensable injuries as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff Leroy Garner requests judgment against Defendants, jointly and severally, for the following:

A. Declaring the acts and practices complained of herein to be violations of the Title VII and Ohio law;

B. Enjoining and permanently restraining these violations of law;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

D. Directing Defendants to place Plaintiff in a position he would have occupied but for Defendants' unlawful conduct, and making him whole for all earnings and other benefits he would have received but for Defendants' unlawful conduct, including, without limitation, wages, other lost benefits, loss of good will and interest thereon;

E. Directing Defendants to pay Plaintiff compensatory damages, including the damages for his mental anguish, denial of life's pleasures, pain and suffering, humiliation, as well as punitive damages;

F. Attorneys' fees and costs;

G. Pre- and post-judgment interest; and

H. Such other and further relief as the Court considers just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ John Hui Li
John (Hui) Li (#0082661)
JHL LEGAL LLC
3209 Carrier Ave.
Dayton, Ohio 45429
Telephone: 513-502-4646
jli@jhllegal.com

*Trial Attorney for Plaintiff*
*Leroy Garner*

6