UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LEROY GARNER, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-51 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| FUYAO GLASS AMERICA INC., | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFF'S RULE 41(a)(2) MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (DOC. NO. 18); ORDERING DEFENDANT TO MAKE CERTAIN FILINGS BY A SPECIFIC DATE; PROVIDING NOTICE TO PLAINTIFF OF HIS OPTIONS REGARDING THIS CASE; AND, ORDERING PLAINTIFF TO CHOOSE AN OPTION BY A SPECIFIC DATE**

---

This is an employment discrimination and retaliation case brought by Plaintiff Leroy Garner ("Garner"). Currently pending before the Court is Plaintiff's Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice (Doc. No. 18) (the "Motion"). The Motion is opposed by Defendant, Fuyao Glass America Inc. ("Fuyao"), which requests alternative relief. For the reasons discussed below, the Court **DENIES** the Motion; provides Garner notice of his options regarding this case; and, requires both Garner and Fuyao to make filings in accordance with this order's CONCLUSION section.

### I. BACKGROUND

Garner filed this lawsuit nearly two years ago, on February 10, 2021. (Doc. No. 1.) In his Complaint, he brings four claims against Fuyao: Intentional Racial Discrimination in Violation of Title VII; Intentional National Origin Discrimination in Violation of Title VII; Retaliation; and Discrimination in Violation of Ohio Rev. Code § 4112.02. (*Id.*) On July 7, 2021, the Court entered

1

a scheduling order that, among other things, established a discovery cut-off date of June 7, 2022 and a trial date of January 16, 2023. (Doc. No. 6.) However, as detailed below, Garner and his counsel failed to timely respond to discovery requests, caused various extensions of the Court's deadlines, and ignored court orders and rules.

In January of 2022, Fuyao served written discovery requests on Garner, including interrogatories and requests for production. (Doc. No. 8; Doc. No. 14 at PageID 50.) Garner failed to timely respond to those requests. (*Id.*; *see also* Doc. No. 12; Doc. No. 14-1.) On May 25, 2022—with the discovery deadline approaching—the parties filed a motion to extend the deadline by 45 days. (Doc. No. 8.) That motion explained that, "[e]arly in the case, Plaintiff's counsel was waylaid by COVID-19" and, "[m]ore recently, Plaintiff's job has rendered him unable to timely respond to written discovery requests propounded by Defendant in January 2022." (*Id.*) In a later motion (filed on July 25, 2022) to further extend the discovery deadline, counsel explained that "Plaintiff travels extensively as a part of his job as a truck driver, making it difficult to communicate for periods of time." (Doc. No. 11.) That later motion also acknowledged: "the Parties understand that any further delays in discovery may result in the dismissal of this lawsuit." (*Id.*)

On July 20, 2022, Magistrate Judge Peter B. Silvain, Jr. held a discovery telephone conference with the parties; Garner's counsel failed to appear until Judge Silvain's chambers contacted him several minutes after the start of the conference. (*See* Doc. No. 14-1.) On August 1, 2022, yet another motion to extend the discovery deadline promised that "Plaintiff will provide signed written responses to Defendant's outstanding discovery requests no later than August 15, 2022, and [Plaintiff] will make himself available for deposition on August 31, 2022 @ 9:00 AM." (Doc. No. 12 (emphasis removed); *see also* Doc. No. 14-1 at PageID 64.) On August 2, 2022, the

Court entered an order aligning with Garner's promise. (Doc. No. 13 (requiring that "Plaintiff will provide written responses to Defendant's outstanding discovery requests by August 15, 2022, and Plaintiff will make himself available for deposition on August 31, 2022 at 9:00 a.m.").) However, Garner subsequently violated that order. (*See* Doc. No. 14-1 at PageID 59-62 (on August 17, 2022, Fuyao's counsel still had not received Garner's overdue discovery responses and Fuyao's counsel explained to Garner's counsel that the responses "were necessary for [him] to adequately prepare for Mr. Garner's deposition").)

According to correspondence between counsel, when Garner's counsel later provided some—but not all—required discovery responses on August 17, 2022, Fuyao's counsel asked: "I'm confused about why we didn't have these interrogatory responses sooner, when Mr. Garner signed them in your presence on May 11, 2022," referring to the verification page and Garner's notarized signature. (Doc. No. 14-1 at PageID 61-62; Doc. No. 14 at PageID 53.) Garner's counsel responded:

> That was the last time we were able to speak in person, but he was not able to get all the responses to me by then. He signed the verification because I knew how difficult it was to get an in person meeting, and I held it until we could review and finalize the responses.

(Doc. No. 14-1 at PageID 61-62*.*) Additionally, during his deposition, Garner admitted to making four recordings of conversations with Fuyao supervisors on his phone, yet only produced one of them in discovery. (Doc. No. 19 at PageID 77; Doc. No. 19-1.) Garner's counsel agreed to produce those recordings and also the phone on which the recordings were made, so that Fuyao could perform a forensic review. (*Id.*) However, according to Fuyao, those items still have not been produced. (*Id.*)

Correspondence between the parties shows that counsel for Fuyao and Garner have been civil with one another, while counsel for Fuyao has pursued his client's interests and attempted to

3

move this case toward resolution. (*See* Doc. No. 14-1.) However, on August 22, 2022, "frustrated by the lack of urgency, completeness, and the other irregularities" in Garner's participation in this case, Fuyao filed a motion, pursuant to Federal Rule of Civil Procedure 41(b), requesting that the Complaint be dismissed, without prejudice, for failure to prosecute. (Doc. No. 14; Doc. No. 14-1 at PageID 60.) Garner failed to file any timely response to Fuyao's motion. This failure prompted Judge Silvain to issue a show cause order, which ordered Garner to "SHOW CAUSE—not later than October 18, 2022—why Defendant's Motion to Dismiss (Doc. # 14) should not be granted" or, "in the alternative, file his response in opposition by October 18, 2022." (Doc. No. 16.) Garner did neither. In the order to show cause, Judge Silvain also warned Garner: "Plaintiff is ADVISED that failure to show good cause or to file the opposition memorandum on or before October 18, 2022 may result in the granting of the Defendant's Motion to Dismiss (Doc. #14) for the reasons stated therein." (Doc. No. 16.) Instead of either showing cause why Fuyao's motion to dismiss should not be granted or filing a response in opposition to Fuyao's motion to dismiss, Garner attempted to dismiss his case—without court intervention—by filing a Notice of Dismissal "pursuant to Fed. Civ. R. 41(A)(1)" on October 18, 2022. (Doc. No. 17.) However, the Court entered a notation order striking that notice because it did not comply with Rule 41(a). (10/19/2022 Notation Order.)

On October 28, 2022, Garner filed the Motion now at issue. (Doc. No. 18.) The discovery cut-off date passed three days later. (*See* Doc. No. 13.) According to Fuyao, Garner "propounded no discovery upon [Fuyao], nor did he depose any witnesses despite having more than 21 months to do so." (Doc. No. 19 at PageID 77-78.) On November 18, 2022, Fuyao filed a timely memorandum in opposition to the Motion (the "Opposition"). (Doc. No. 19.) Despite the Court specifically informing Garner that his reply was due on December 2, 2022 (*see* 11/28/2022

4

Notation Order), Garner did not file any reply to Fuyao's Opposition. The Motion is ripe for decision.

## II. ANALYSIS

In the Motion, Garner asks the Court to voluntary dismiss this action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2) "so that Plaintiff can re-file this case in state court." (Doc. No. 18 at PageID 71.) In support, Garner argues that Fuyao's motion to dismiss for failure to prosecute (which was still pending at the time) "essentially seeks the same ruling as" the Motion. (*Id.* at PageID 72.) Thus, according to Garner, "the parties have, in fact, a consensus based on their pending motions." (*Id.*)

Fuyao opposes the Motion, asserting that Garner "wrongly proclaims there is a 'consensus' about how this action should be resolved." (Doc. No. 19 at PageID 78.) Fuyao argues that (1) the Court should dismiss the Complaint with prejudice, or (2) alternatively, the Court should "deny Plaintiff's motion altogether, require Plaintiff to cure his discovery deficiencies, and otherwise retain the case for disposition by motion or trial." (*Id.* at PageID 75.) Fuyao also raises a third option for addressing the Motion: "In the event the Court is inclined to grant Plaintiff's motion, … [Fuyao] requests that the Court exercise its discretion under Rule 41(a)(2) to condition such dismissal without prejudice on Plaintiff's reimbursement of [Fuyao's] reasonable costs and fees in this action." (*Id.*) Fuyao attached an exhibit to its Opposition that it says reflects certain reasonable attorney's fees "solely dedicated to efforts that will be of no benefit to [Fuyao] whatsoever if Plaintiff is permitted to refile his claims in state court." (Doc. No. 19 at PageID 81; Doc. No. 19-2.) Fuyao states that those fees, which total $11,043.60, "[o]bviously … [are] a mere fraction of the efforts and fees required so far in the action as a whole." (Doc. No. 19 at PageID 81.) Fuyao also provided "notice of its withdrawal or modification of its Motion to Dismiss for Failure to Prosecute (Doc. # 14), as [Fuyao] no longer seeks nor requests dismissal without prejudice, but

5

rather the relief requested in this filing." (*Id.* at PageID 75.)

### A. Voluntary Dismissal Without Prejudice

"Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that, "[u]nless the order states otherwise, a dismissal under this [subsection] is without prejudice." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

"A plaintiff who moves to dismiss its action via court order … is subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). "The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it deems necessary." *Id.*; *see also Bridgeport Music*, 583 F.3d at 954 ("[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice"). "While such conditions often involve the payment of costs incurred by a defendant," the payment of defense costs is not required for voluntary dismissal under Rule 41(a)(2). *Bridgeport Music*, 583 F.3d at 954.

A district court will abuse its discretion by granting a motion to dismiss without prejudice under Rule 41(a)(2) only if "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (internal quotation marks omitted). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [1] the defendant's effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in

6

prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Id.* A court need not resolve every factor in favor of the moving party to find a dismissal without prejudice is warranted, or vice-versa. *See Wellfount*, 951 F.3d at 774 (motion is subject to the discretion of the district court).

When an action is dismissed without prejudice, a court may "permit allowance of attorney's fees against the dismissing party." *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *see also Massey v. City of Ferndale*, No. 96-1386, 117 F.3d 1420 (Table), 1997 WL 330652 (6th Cir. June 16, 1997) (affirming district court's order that conditioned plaintiff's request for voluntary dismissal without prejudice on the payment of the defendant's fees and costs). The purpose of imposing payment of the defendant's attorney's fees would be "to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum." *Smoot*, 353 F.2d at 833. In contrast, if action is dismissed with prejudice, then attorney's fees generally would not be allowed because a dismissal with prejudice "finally terminates the cause and the defendant cannot be made to defend again." *Id.*

Therefore, it may be reasonable for a court to condition a voluntary dismissal without prejudice upon the payment of the opposing party's costs and fees. *Duffy v. Ford Motor Co.*, 218 F.3d 623, 632 (6th Cir. 2000); *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 972 F.2d 348 (Table), 1992 WL 172129, at *1 (6th Cir. July 22, 1992) (where the defendant "had incurred some expenses and fees that could not be used in subsequent litigation between the parties … it was altogether appropriate for the district court to condition a dismissal without prejudice on the [plaintiff's] payment of [defendant's] reasonable costs and fees"). However, if a court decides to impose attorney's fees and costs against a party seeking to dismiss its own action, then—prior to imposing such fees and costs—the court should give that party notice of the approximate amount

of money for which it would be responsible and afford the party an opportunity to withdraw the request to dismiss its own action. *See Duffy*, 218 F.3d at 630-31 (where the district court should have considered whether counsel, not the party, was responsible for paying such fees and costs, "due process appears to require that [the party's counsel] have notice and an opportunity to be heard before the district court could require them to pay" the opposing party's fees). In other words, the court should inform the moving party "of the specific conditions that would be placed on their dismissal and given the opportunity to withdraw the motion if they found those conditions to be too onerous." *Duffy*, 218 F.3d at 631.

If payment of costs and attorney's fees is a condition for dismissal without prejudice, then a court "may choose to hold a hearing, request additional briefing, or use whatever other procedure it deems appropriate in the exercise of its discretion, to obtain the information and evidence necessary to its determination" of the amount. *Spar Gas*, 1992 WL 172129, at *3; *see also Duffy*, 218 F.3d at 631-32. In determining the appropriate amount, a court should ask "whether, even though reasonable, [the costs and attorney's fees] were appropriate and necessary to compensate the defendants for the harm which they would suffer if the dismissal without prejudice were granted." *Spar Gas*, 1992 WL 172129, at *2. A court should "identif[y] which fees and costs represented work that could not be used in a subsequent lawsuit by" the plaintiff or were otherwise "necessary to protect the defendant from harm resulting from the dismissal without prejudice." *Id.* Finally, the court "must at least state the reasons for [any] award of fees." *Id.* at *3.

### B. <u>Application</u>

Here, in assessing the Motion, the Court finds that Fuyao "would suffer plain legal prejudice as a result of a dismissal without prejudice." *Grover*, 33 F.3d at 718. As shown below, the *Grover* factors weigh in favor of Fuyao's position. Therefore, the Court will not grant the Motion, which seeks unconditional dismissal without prejudice "so that Plaintiff can re-file this

8

case in state court." (Doc. No. 18.)

Regarding the first factor, as shown above, Fuyao has made significant efforts, and incurred significant expense, in preparing for a trial in this case. (*See* Doc. No. 14; Doc. No. 14-1; Doc. No. 19; Doc. No. 19-2.) The case has been pending for nearly two years now, Fuyao has engaged in discovery and motion practice, and the discovery cut-off date has passed. Court filings and correspondence between counsel demonstrate that it has been Fuyao making the effort to move this case towards trial, while paying for legal work that it would be unable to use in any refiled case. (*Id.*) The first factor weighs in favor of Fuyao's position. *See Jones v. Lemke*, 178 F.3d 1294 (Table), 1999 WL 107984, at *2 (6th Cir. Feb. 9, 1999) (upholding a finding of plain legal prejudice by explaining that "[t]he defendants put forth considerable effort and expense in preparing their motion for summary judgment, the plaintiff delayed his motion to dismiss until the case was ripe for decision, and [plaintiff's] explanation for the need to take a dismissal is clearly insufficient").

Regarding the second factor, as shown above, Garner sought and received extensions of deadlines several times, failed to timely produce discovery responses (causing delay and prejudice to Fuyao), and ignored court orders and rules. Garner should not be rewarded for his failures by essentially being allowed to hit the "reset button" on his case through a voluntary dismissal without prejudice and re-filing his case.[1] The second factor weighs in favor of Fuyao's position. *See Song v. Rom*, No. 1:15-cv-1438, 2017 WL 553237, at *3 (N.D. Ohio Feb. 10, 2017) (second factor weighed in favor of defendant, where plaintiff had moved to extend time a number of times and

---

[1] As Fuyao points out, if "Plaintiff refile[s] this matter in state court, [Fuyao] presumably would have the right under 28 U.S.C. § 1446 to remove the action back to this Court" (Doc. No. 19 at PageID 77). *See Song v. Rom*, No. 1:15-cv-1438, 2017 WL 553237, at *4 n.7 (N.D. Ohio Feb. 10, 2017) (explaining that "if the [anticipated] newly-filed case is removed, which it likely would be, the undersigned judicial officer would be assigned the case and would have to start all over making determinations that have already been made, with little or no possibility that the outcome would be different").

9

had documents stricken that caused delay).  Additionally, as Fuyao explains, "[i]f Plaintiff had wanted to dismiss his action without prejudice, he might have consented to [Fuyao's] original Motion to Dismiss For Failure to Prosecute in August 2022 before prolonging discovery and certainly before the taking of Plaintiff's deposition." (Doc. No. 19 at PageID 78.)  Instead, Garner decided not to file a response to that motion, failed to respond to the Court's show-cause order, and then ignored the rules by attempting to unilaterally dismiss his case without prejudice through his (now stricken) notice.

Regarding the third factor, Garner provides "insufficient explanation for the need to take a dismissal." *Grover*, 33 F.3d at 718.  In fact, he does not provide an explanation at all, apart from saying that he wants to "re-file this case in state court." (Doc. No. 18.)  The third factor weighs in favor of Fuyao's position. *See Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956-57 (6th Cir. 2003) (*Grover* factors "weighed heavily" against granting motion to voluntary dismiss claims without prejudice, including that plaintiff's explanation for moving to dismiss "was, at best, convoluted"); *Song*, 2017 WL 553237, at *3 (third factor weighed in favor of defendant, where plaintiff provided no explanation for the proposed dismissal and it was apparent that plaintiff was likely forum shopping).

Regarding the fourth factor, after Garner's numerous delays and discovery failures, Fuyao filed a motion to dismiss for failure to prosecute. (Doc. No. 14.)  Although that motion was not a motion for summary judgment and Fuyao withdrew it after Garner filed the Motion at issue, Fuyao's motion to dismiss was pending at the time that Garner filed his Motion, Fuyao's motion was a dispositive motion, and it is clear that Fuyao would not have withdrawn its motion if Garner had not filed the Motion at issue.  The Court finds that the fourth factor also weighs in favor of Fuyao's position. *Maldonado*, 65 F. App'x at 956-57 (*Grover* factors "weighed heavily" against

10

granting motion to voluntary dismiss claims without prejudice, including that "[t]he defendants were almost certain to move for summary judgment after [plaintiff's] deposition was taken").

Therefore, all of the *Grover* factors weigh in favor of Fuyao's position. The Court finds that granting Garner an unconditional voluntary dismissal <u>without</u> prejudice—which is what the Motion seeks—is wholly unwarranted based on the circumstances presented. *Grover*, 33 F.3d at 718; *Maldonado*, 65 F. App'x at 956-57; *Song*, 2017 WL 553237 at * 1, 4 (denying plaintiff's motion to voluntarily dismiss without prejudice, where the motion stated that "plaintiffs intend to refile the case (apparently in state court)"). Therefore, the Motion is denied. Next, the Court will consider Fuyao's requests in its Opposition and how the case can proceed.

### C. <u>Options for Proceeding</u>

The Court finds that three alternatives would be appropriate for proceeding with this case. The Court will allow Garner the opportunity to choose from among the three alternatives.

First, Garner may choose to have the Court dismiss this case <u>with</u> prejudice. If he chooses this option, then the Court will not impose attorney's fees. *See Smoot*, 353 F.2d at 833; *Tenn. Health Car Ass'n v. Comm'r, Tenn. Dept. of Health and Env't*, Nos. 91-5789, 91-6220, 956 F.2d 270 (Table), 1992 WL 36217 (6th Cir. Feb. 26, 1992) (reversing order that granted motion to dismiss upon the conditions that the action be dismissed with prejudice and that plaintiff pay defendant's costs and attorney's fees).

Second, Garner may choose to proceed with this case conditioned upon complying with his discovery requirements and permitting Fuyao additional time to receive that discovery and, if Fuyao so chooses, to file a motion for summary judgment. (Again, Fuyao stated that Garner did not make any discovery requests, and the discovery deadline has now passed.) If he chooses this option, then (1) the Court would determine Garner's outstanding discovery requirements; (2) the Court would order Garner to comply with those discovery requirements by a certain date; (3) any

11

failure by Garner to comply with discovery requirements would lead to sanctions, including the possibility of monetary sanctions and/or dismissal of the case with prejudice; and (4) set a new deadline for Fuyao to file a motion for summary judgment, if it would decide to file such a motion.

Third, Garner and his counsel can agree to have the Court enter a dismissal of this case <u>without</u> prejudice conditioned on Garner and his counsel each paying—within 90 days—half of certain costs and attorney's fees incurred by Fuyao. *Duffy*, 218 F.3d at 630-31; *Spar Gas*, 1992 WL 172129, at *1 (affirming district court's order that conditioned dismissal without prejudice on plaintiff's payment of defendant's reasonable attorneys' fees and costs); *Bridgeport Music*, 583 F.3d at 954. The reason for imposing this condition is to compensate Fuyao for expenses in its preparation for trial given that Garner presumably could simply refile this case. *Smoot*, 353 F.2d at 833. Again, Garner stated in his Motion that he seeks "voluntary dismissal without prejudice, so that [he] can re-file this case in state court." (Doc. No. 18.) Additionally, the Court finds the condition appropriate in light of the failures of both Garner and his counsel (as set forth above); the Court finds both Garner and his counsel equally responsible for the sum total of those failures.

The Court has reviewed and analyzed the $11,043.60 in attorney's fees set forth in Fuyao's exhibit to its Opposition (Doc. No. 19-2), in an attempt to identify the fees for work that could not be used in a subsequent lawsuit by Garner against Fuyao on the same claims. *Spar Gas*, 1992 WL 172129, at *2. Fuyao's counsel represented to the Court in the Opposition that the fees set forth on that exhibit are "a mere fraction of the efforts and fees required so far in the action as a whole" and that the list of fees identified on that exhibit were "vetted specifically for the purposes of [complying with] *Spar Gas*." (Doc. No. 19 at PageID 81.) As noted above, Garner had the opportunity to respond to the requested fees, but failed to file any reply.

The Court initially determines the approximate amount of the conditional costs and

attorney's fees to be $10,431.20. This is the amount that, based on the Court's review of Fuyao's exhibit (Doc. No. 19-2), preliminarily appears to correspond with the fees that are both (a) reasonable and (b) would be appropriate and necessary to compensate Fuyao for the harm it would suffer if the case were to be dismissed and then re-filed. *Smoot*, 335 F.2d at 833; *Spar Gas*, 1992 WL 172129, at *2. However, before the Court will make a final determination of the amount of costs and attorney's fees, it requires Fuyao to submit an affidavit or declaration that (1) attests to the necessity and accuracy of the fees set forth in the exhibit to its Opposition (Doc. No. 19-2) apart from the entries for 05/04/2021, 05/05/2021, and 08/08/2021; and (2) supports the reasonableness of the hourly rate charged for those fees. Thus, the Court puts both Garner and his counsel on notice that, if they choose this third option, then they each would be ordered to pay 50% of $10,431.20 (i.e., $5,215.60 each) at the most.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Rule 41(a)(2) Motion for Voluntary Dismissal Without Prejudice (Doc. No. 18) and **ORDERS** the following:

1. The Court provides notice to Garner and Garner's counsel that they must choose from one of three options for proceeding with this case within thirty (30) days of the Court entering this order: (a) dismiss this case with prejudice; (b) proceed with this case conditioned upon Garner complying with any remaining discovery requirements and permitting Fuyao additional time to receive that discovery and, if Fuyao so chooses, to file a motion for summary judgment (as set forth in more detail above); or (c) have the Court enter a dismissal of this case without prejudice conditioned on Garner and his counsel each paying—within 90 days—50% of certain costs and attorney's fees incurred by Fuyao (as set forth in more detail

   above). The Court, once again, puts Garner and his counsel on notice that selection of the third option will result in an order that each pay $5,215.60 (at most) within 90 days.

2. **Within twenty-one (21) days of this order being entered**, Fuyao must file a notice that identifies the "discovery deficiencies" (Doc. No. 19 at PageID 75) that it alleges remain outstanding.

3. **Within twenty-one (21) days of this order being entered**, if Fuyao maintains its request for certain costs and attorneys' fees in the event that Garner and his counsel were to choose the third option referenced above, then Fuyao must file an affidavit or declaration that (1) attests to the necessity and accuracy of the fees set forth in the exhibit to its Opposition (Doc. No. 19-2) apart from the entries for 05/04/2021, 05/05/2021, and 08/08/2021; and (2) supports the reasonableness of the hourly rate charged for those fees.

4. **Within thirty (30) days of this order being entered**, Garner must file a notice that indicates which of the three options he has chosen. In the event he chooses the third option, then his notice must indicate that both Garner and his counsel agree with that choice and its conditions. Failure by Garner to timely file the notice may result in the case being dismissed with prejudice. The Court will then enter a separate order based on the selection.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 19, 2022.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE